EXHIBIT 9 — SUMMARY OF UNLAWFUL REMOVAL OF T____ K____ P____

Exhibit 9 contains the Shelter Care Order and related notices showing that T____ K____ P____ was removed from her legal custodian, Jessica Jay Scott, before any judge issued an order authorizing that removal. This demonstrates a violation of the Fourth Amendment and Fourteenth Amendment rights to family integrity and due process.

### 1. DATE OF REMOVAL

T____ was physically removed from the home on July 30, 2021.

### 2. DATE OF SHELTER CARE HEARING

The Shelter Care Hearing was held on August 2, 2021.

### 3. DATE THE WRITTEN ORDER WAS SIGNED AND FILED

The written Shelter Care Order was not signed and filed until August 3, 2021.

### 4. LEGAL SIGNIFICANCE

- T____ was removed 3 days BEFORE the hearing.
- T____ was removed 4 days BEFORE the judge issued any order.
- No lawful court authorization existed at the time of removal.
- The order does not include an emergency danger finding against the custodian.
- No immediate threat existed that would justify a warrantless seizure.

### 5. CONSTITUTIONAL VIOLATIONS

This sequence of events constitutes:

- An unlawful seizure under the Fourth Amendment.
- A violation of procedural due process under the Fourteenth Amendment.
- A denial of the right to family integrity.
- The use of a retroactive order, which cannot legalize an unconstitutional seizure.

### 6. FEDERAL CASE LAW

Federal courts have repeatedly held:

"Retroactive judicial approval does not legalize an unconstitutional seizure."

Relevant cases include:

- Tenenbaum v. Williams
- Doe v. Heck
- Brokaw v. Mercer County
- Wallis v. Spencer

## 7. IMPACT ON THE OVERALL CASE

Because T was removed without judicial authorization, this raises doubts about the legality of ALL removals conducted by Chilton County DHR on July 30, 2021.

## 8. PURPOSE OF EXHIBIT 9

Exhibit 9 provides proof to the federal court that:

- T removal was unlawful.
- No court order authorized the seizure at the time it occurred.
- The order was issued after the fact.
- Due process was denied.
- DHR acted outside its legal authority.
- Judge Christopher Speaks signed a retroactive order.
- Established constitutional protections were violated.

DOCUMENT 3



AlaFile E-Notice

14-JU-2019-000052.02
Judge: CHRISTOPHER G SPEAKS

To: CAPPS TRAVIS
5723 COUNTY ROAD 53
CLANTON, AL, 35045

# NOTICE OF ELECTRONIC FILING

IN THE COURT OF CHILTON COUNTY, ALABAMA

IN THE MATTER OF P    T    K
14-JU-2019-000052.02

The following matter was FILED on 8/3/2021 11:17:25 AM

Notice Date:   8/3/2021 11:17:25 AM

GLENN MCGRIFF
CIRCUIT COURT CLERK
CHILTON COUNTY, ALABAMA
500 2ND AVENUE NORTH
CLANTON, AL, 35046

205-755-4275
glenn.mcgriff@alacourt.gov

DOCUMENT 2



ELECTRONICALLY FILED
8/3/2021 11:17 AM
14-JU-2019-000052.02
JUVENILE COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

IN RE: THE MATTER OF

T     P
A CHILD,
D/O/B:      2019

IN THE JUVENILE COURT OF

CHILTON COUNTY, ALABAMA

CASE NO. JU 2019- 52.02

### SHELTER CARE ORDER

This matter coming on to be heard on the 2nd day of August, 2021, for a Shelter Care Hearing, on the Petition for Custody, filed by the Chilton County Department of Human Resources, (DHR) and there being present, the child's Guardian ad Litem, Ms. Amanda Baxley, Esquire; the Chilton County Department of Human Resources (DHR), by and through its representative, Mr. Brad Payton, represented by its attorney, Ms. Elizabeth Hilyer, Esquire, standing in for Mr. Robert L. Bowers, Jr., Esquire; the father, Travis Capps, represented by his Guardian ad Litem, Mr. Josh Inman, Esquire; the custodian, Ms. Jessica Scott, and the mother, Ms. Claire Roberts, was not present. The Court having considered all the relevant and material evidence presented, and upon consideration of same, the Court finds as follows:

1. That the father was advised of his right to counsel.

2. That the father and custodian were advised that the child was alleged to be dependent, and both denied the allegations.

3. That the father and custodian stated that the child was not of Indian descent.

4. That in accordance with Public Law 96-272, as amended by Public Law 105-89, and Section 12-15-312, Code of Alabama, 1975, that continuing placement of the child in his/her home would be contrary to the welfare of the child because the mother and custodian are incarcerated on Willful Child Abuse charges and the father is not able to care for the child, at this time.

5. That the child has no parent, guardian, custodian, or other suitable person able or willing to provide for the child's supervision and welfare, at this time.

6. That reasonable efforts to prevent removal of the child from his/her home:

   ( ) were made.

   ( ) were not made

   (X) were not required because an emergency situation existed which required the immediate temporary removal of the child.

7. The Court finds for the purposes of the Shelter Care Hearing only, and due to the nature of the allegations in the Petition, that release of the child would present a serious threat of substantial harm to the child and the child has no parent, guardian, custodian or other suitable person able or willing to provide for the child's supervision and welfare, at this time.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED**, as follows:

1. A. (X) That there is no finding of dependency at this time, and the Court hereby reserves the issue of dependency, pending an Adjudicatory Hearing.

   B. ( ) That said child is found to be dependent, and in need of care and supervision, pursuant to Section 301 et. seq., Code of Alabama, 1975.

2. That the temporary custody of said child shall be transferred to Chilton County DHR, with the Department having discretion in planning and placement.

3. That visitation shall be pursuant to ISP.

4. That services provided by DHR shall be pursuant to ISP.

5. That the mother and father shall cooperate fully with DHR and any and all agencies providing services at the discretion of DHR.

6. That the mother and father shall inform DHR of any changes in address or telephone number within five (5) days of such change.

7. That the mother and father shall, within ten (10) days from the date of this Order, provide DHR with a written list of names, addresses, and telephone numbers of any and all relatives, of the child, who either may be willing or who are able to accept legal custody of the child.

8. That the parents, guardians, custodians and all other parties are hereby ordered not to use any illegal substances (drugs) at any time.

9. That entry of an Order of this Court vesting of a child's custody (including Shelter Care Custody) in DHR, shall authorize DHR to consent to or give permission for a child to travel within and outside the State of Alabama.

10. That the Department shall assume parental responsibility for said child's needs, to include food, shelter, clothing, education, and shall further be allowed to authorize any necessary medical, surgical, dental, or anesthesia services. With these responsibilities, the Department is hereby given authority to fulfill said duties pursuant to Section 12-15-102(16), Code of Alabama, 1975.

11. That all parties and counsel are hereby admonished and enjoined from discussing the facts and/or subject matter, either directly or indirectly, with any third party. This specifically includes, but is not limited to discussions of the facts or this case through direct contact with third parties or through Social media. Parties and counsel, the Guardian ad Litem excepted, shall not discuss this matter with the child. Nothing herein prohibits disclosing necessary information to medical providers, medical experts, counselors, evaluators, or investigators engaged to provide care, evaluations, or treatment for the child or parents.

12. That placement providers for the child, including foster placement, shall not, in any form or fashion, post pictures of the child on Social Media.

10. That this matter shall be set for Adjudicatory/Dispositional Hearing on the 15th day of December, 2021, at 9:00 a.m.

**DONE AND ORDERED** this the ___3rd___ day of August, 2021.

_____
JUVENILE JUDGE