EXHIBIT 10
Court Order Granting Custody of T____ P____ to Jessica Scott (January 2020)

Summary:
• On January 13, 2020, after an adjudicatory hearing, the Juvenile Court of Chilton County formally transferred temporary custody of T____ P____ to Jessica Scott.
• The Court declared the child dependent by agreement of the parties.
• The Court authorized Jessica Scott to provide transportation for visitation while the mother was placed at Hillcrest.
• The order explicitly closed the matter to all further DHR supervision and further court review.
• This represents a final custodial order granting legal custody to Jessica Scott with no open dependency case at the time of removal in 2021.



**AlaFile E-Notice**

14-JU-2019-000052.01
Judge: CHRISTOPHER G SPEAKS

To: SCOTT JESSICA
4530 COUNTY ROAD 24
LOT 2
BILLINGSLEY, AL, 36006

# NOTICE OF ELECTRONIC FILING

IN THE COURT OF CHILTON COUNTY, ALABAMA

IN THE MATTER OF P      T.    K
14-JU-2019-000052.01

The following matter was FILED on 1/30/2020 1:17:35 PM

Notice Date:    1/30/2020 1:17:35 PM

GLENN MCGRIFF
CIRCUIT COURT CLERK
CHILTON COUNTY, ALABAMA
500 2ND AVENUE NORTH
CLANTON, AL, 35046

205-755-4275
glenn.mcgriff@alacourt.gov

ELECTRONICALLY FILED
1/30/2020 1:17 PM
14-JU-2019-000052.01
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

IN RE:   THE MATTER OF

T    P
A CHILD
D/O/B      '19

IN THE JUVENILE COURT OF

CHILTON COUNTY, ALABAMA

CASE NO. JU 2019-52.01

## ORDER

This matter coming on to be heard on the 13th day of January, 2020, for a Adjudicatory Hearing, on the Petition for Custody filed by the Chilton County Department of Human Resources, (DHR) and there being present, the child's Guardian ad Litem, Ms. Amanda Baxley, Mr. James Fancher, Esquire, as Guardian ad Litem for the mother, Claire Roberts; the Chilton County Department of Human Resources (DHR), by and through its' representative, Ms. Laura Cleckley, represented by its' attorney, Mr. Robert L. Bowers, Jr., Esquire, Ms. Ellanora Poole, represented by her attorney, Mr. James Bailey, Esquire, the grandmother, Ms. Jessica Scott, represented by her attorney, Mr. Kyle Shirley, Esquire, and Mr. Josh Inman, Esquire as attorney for the father, Mr. Travis Capps. The Court having considered all the relevant and material evidence presented, the agreement of the parties, and upon consideration of same, the Court finds as follows:

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

1. That said child is dependent, by agreement of the parties.

2. That temporary custody of said child shall be transferred to Ms. Jessica Scott.

3. That while the mother, Claire Roberts, is at Hillcrest, her visitation, and the visitation for Ms. Ellanora Poole, with said child shall be every other Monday at Hillcrest or as Hillcrest may recommend. While the mother is at Hillcrest, transportation for the child's visits shall be provided by Ms. Jessica Scott.

4. That when the mother, Claire Roberts, is released from Hillcrest, the visits with the mother and Ms. Ellanora Poole shall be as per the attached visitation schedule. Or any other visitation as the parties may agree.

5. That when the mother is released from Hillcrest, the mother and Ms. Ellanora Poole shall be responsible for the transportation for said visits.

6. That this matter is closed to further DHR supervision.

7. That this matter is closed to further Court review.

**DONE AND ORDERED,** this the 30th day of January, 2020.

CHRISTOPHER G. SPEAKS
JUVENILE JUDGE

## CHILD VISITATION

1. The parent with whom the child does not primarily reside (the Clair Roberts) shall have the following visitation:

    A. At all reasonable times that do not interfere with the children's school or extracurricular activities. If the parties are unable to decide and/or reach an impasse the following visitation schedule will be followed:

    B. Every other weekend of each month beginning the first Friday following this decree from the time school lets out on Friday until 6:00 p.m. the following Sunday. (First weekend is the first full weekend of the month and if there is a fifth Friday of a month).

    **The specified holiday, summer and birthday custodial periods set forth herein shall take priority over normal weekend/weekday custodial periods.**

    C. **CHRISTMAS:** Every other Christmas holiday in odd numbered years beginning at 6:00 p.m. on the first day of the child's school holiday season as set out in the school calendar until 1:00 p.m. Christmas Day. In even years from 1:00 p.m. on Christmas day until 1:00 p.m. on New Years Day.

    D. **THANKSGIVING:** In even numbered years on the week of Thanksgiving from 4:00 p.m. on the Wednesday afternoon until 6:00 p.m. the following Friday.

    E. **SUMMER:** The parties will exercise week on week off intervals with the minor children during the school's summer break from 6:00 p.m. on Sunday until the following Sunday at 6:00 p.m. The Mother shall have the kids for the first week of the children's summer break in odd numbered years and the Father will have the

children for the first week of the children's summer break in even numbered years. Each party shall be responsible for all daycare/summer camp fees during their respective visitation weeks.

F. **SPRING BREAK:** Every other spring school break in even numbered years as set by the child's school calendar. Said spring break visitation/physical custody shall commence at 6:00 p.m. on the Friday beginning the Spring break and conclude at 6:00 p.m. on the following Friday.

G. **FALL BREAK:** Every other fall school break in odd numbered years as set by the child's school calendar. Said fall break visitation/physical custody shall commence at 6:00 p.m. on the Friday beginning the fall break and conclude at 6:00 p.m. on the following Friday.

J. **FATHER'S DAY:** Notwithstanding periods of visitation/physical custody set forth herein, the Father shall have the right of visitation/physical custody with the child for Father's Day of each year. Said visitation/physical custody shall begin 4:00 p.m. on the Saturday prior to Father's Day and shall end no later than 6:00 p.m. on Father's Day.

K. **MOTHER'S DAY:** Notwithstanding periods of visitation/physical custody set forth herein, the Mother shall have the right of visitation/physical custody with the child for Mother's Day of each year. Said visitation/physical custody shall begin 4:00 p.m. on the Saturday prior to Mother's Day and shall end no later than 6:00 p.m. on Mother's Day.

L. **BIRTHDAYS:** The parent or guardian not exercising visitation/physical custody shall have the right to have visitation/physical custody

with the child on his birthday from 4:00 p.m. until 7:30 a.m. the same day. This provision shall take priority over other scheduled visitation/physical custody periods.

M. **OTHER VISITATION:** The visitation/physical custody rights for the parent or guardian as provided herein, are intended by the Court to be the minimum to which said parent or guardian is entitled. The parties are encouraged to extend such periods, as herein allowed, as the child grows older, and as may be in the best interest of said child, and to reschedule, by mutual agreement, and visitation/physical custody which is inconvenient for the parties or interferes with the child's extracurricular activities, with both parties keeping in mind the best interest of the child.

N. **NOTIFICATION OF ILLNESS OR ACCIDENT:** In the event that the child becomes seriously ill or requires hospitalization due to an illness or accident, the party having the actual physical custody of the child at the time of such occurrence shall promptly notify the other party of such occurrence. Such notification shall include the nature of illness or accident, the location of the child, and the name of the child's treating physician.

O. Neither party shall, in any way, attempt to harass, harm, hinder, decrease, or destroy the natural love of the child for the other parent. Neither parent shall make disparaging remarks or otherwise speak badly of the other parent to another party, to, or in the presence of, the child. Both parents shall make every effort to prevent other from doing so. Further, the parties shall strive to maintain harmonious relations for the benefit of the parties' child.

P. **TELEPHONE ACCESS:** Each party shall have reasonable telephone access with the minor child while in the physical control of the other parent or guardian.

The child shall also have reasonable telephone access to both parents or guardians at all reasonable times.

Q. **NOTICE:** Except as provided with respect to the extended summertime visitation/physical custody provided herein above, no advance notice shall be required of parent or guardian exercising visitation/physical custody. However, he/she shall notify the other party, as soon as practicable, if he/she is <u>unable</u> to visit with the child at the scheduled time and place.

R. **CHILD'S ACTIVITIES:** Neither party shall schedule activities for the minor child which will preclude the other party from having the child with him or her at the times and places set forth herein above. In the event that it is necessary to schedule activities for the child, the parties shall jointly confer and shall make joint decisions concerning those activities in as much as possible and it shall be the responsibility of the party who is either visiting or has physical custody of the child to transport the child to those activities. The scheduling of activities shall not be utilized to deprive either party of periods of visitation/physical custody.

S. **ACCESS TO INFORMATION:** Both parties shall have access to information concerning their child including but not limited to, medical, dental and hospital records, school records, report cards, and any other information concerning the parties' minor child. <u>Both parties shall keep the other party informed of the address and phone number where the child reside or visit.</u>

**CHILD MISCELLANEOUS**

2. Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with

the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:

    a.    The intended new residence, including the specific street address, if known.

    b.    The mailing address, if not the same as the street address.

    c.    The telephone number or numbers at such residence, if known.

    d.    If applicable, the name, address, and telephone number of the school to be attended by the child, if known.

    e.    The date of the intended change of principal residence of a child.

    f.    A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.

    g.    A proposal for a revised schedule of custody of or visitation with a child, if any.

    h.    Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the

relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.

You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.

Your failure to notify other parties entitled to notice of your intent to change the principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.

If you are a non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, then change of principal residence is authorized.

3. That neither party shall make disparaging remarks about the other while in the presence of the minor children.