# EXHIBIT 11

## Due Process Violations in the August 2, 2021 72-Hour Hearing

Failure to Serve Legal Custodian – Hearing Proceeded Without Notice

### 1. BACKGROUND

On January 13, 2020, the Chilton County Juvenile Court entered an order granting legal custody of T▬ K▬ P▬ (DOB ▬ 2019) to Jessica Jay Scott, closing the case to further DHR and court supervision. This custody order remained in full force on July 30, 2021, when T▬ was removed by DHR.

### 2. EVENTS OF JULY 30 – AUGUST 2, 2021

All four children—J▬, J▬, T▬, and T▬—were removed on July 30, 2021. A combined 72-hour shelter care hearing was held on August 2, 2021. Jessica Scott was served only for the cases involving J▬, J▬, and T▬. She was never served, noticed, or provided any petition related to the removal of T▬, despite being T▬ legal custodian.

The only individual served for T▬ was the minor father, Travis Capps.

Despite the lack of required service, Judge Christopher G. Speaks proceeded to adjudicate T▬ case, transferring custody to DHR, imposing obligations on Jessica, and entering findings against her—without proper notice or opportunity to be heard.

### 3. DUE PROCESS VIOLATIONS

Proceeding with a 72-hour hearing without serving the legal custodian violates state and federal law.

- Fourteenth Amendment – Procedural Due Process

Jessica Scott was deprived of notice, service, opportunity to be heard, right to counsel, and the right to contest allegations or seek placement.

- Alabama Code § 12-15-308(c)

Requires that all parents, legal guardians, and legal custodians "shall be served" before a 72-hour hearing.

- Alabama Rules of Juvenile Procedure 13 & 14

Require personal service of the dependency petition and summons to all custodians prior to adjudication.

- U.S. Supreme Court Precedent

Stanley v. Illinois, Santosky v. Kramer, Mathews v. Eldridge, and Troxel v. Granville all affirm that custody cannot be interfered with without notice and an opportunity to be heard.

4. IMPACT ON FEDERAL §1983 CLAIM

This violation supports claims for unlawful removal, denial of due process, judicial misconduct, and violations of constitutional family integrity rights. It strengthens plaintiffs' requests for injunctive relief, return of custody, and monetary damages under 42 U.S.C. § 1983.

5. CONCLUSION

The August 2, 2021 72-hour hearing for T  P. was held without serving the legal custodian, without notice, and without allowing participation—while imposing obligations and removing custody. This constitutes a major due-process violation under Alabama law and the United States Constitution.

IN RE: THE MATTER OF ▓▓▓▓ IN THE JUVENILE COURT OF

M▓▓▓ P▓▓  
A CHILD  CHILTON COUNTY, ALABAMA  
D/O/B ▓▓/19  CASE NO. 20~~18~~ 19-52.02

## PETITION FOR CUSTODY

COMES NOW your Petitioner, Chilton County Department of Human Resources, by and through their representative and would show unto Your Honor as follows:

1. That the Mother of said child is ~~Jessica Scott~~ Claire Roberts, whose last known address is ▓▓▓▓ ▓▓▓▓ Clanton, AL ▓▓▓.

2. That the Father of said child is T▓▓ C▓▓, whose address is ▓▓▓▓▓▓, Clanton, AL ▓▓▓.

3. That the toddler was in the care of her sixteen (16) year old father, T▓▓ C▓▓. Child was found naked with twenty-two (22) dirty diapers laying in the floor of her room, there was nothing else in the room but the toddler, her siblings and dirty diapers. The room was pad locked, and the officer estimated that it was about 100 degrees in the room, the only room in the home that was not air-conditioned. There were roaches in the room along with feces and urine everywhere, the window of the room had feces smeared on it. There were no toys in the room nor any beds for the child and siblings to sleep on. The parents (when they arrived home) said that everything was taken from the room because the child and siblings would throw everything at each other, the walls, and the windows. The officers put diapers on the toddler themselves and had the child's alleged father,

I, Glenn McGriff, Clerk of the Circuit Court of Chilton County, Alabama, do hereby certify that the within and foregoing is a true and correct copy, ▓▓▓▓ Poole ▓▓▓ in Case No. JU 19-52.02 dated this the ▓▓ day of Sept., 2021

Glenn McGriff, Clerk of Court

DOCUMENT 1

| | | |
|---|---|---|
| IN RE: | THE MATTER OF: | IN THE JUVENILE COURT OF |
| M P<br>A CHILD | | CHILTON COUNTY, ALABAMA |
| D/O/B 19 | | CASE NO. 2021-_____ |

## CUSTODY AFFIDAVIT

COMES NOW the Petitioner, Chilton County Department of Human Resources pursuant to Section 30-3B-209, Code of Alabama, 1975, and files this Custody Affidavit and states as follows:

1. The present address of said child/children is: Jeremy and Robin Mims, foster parents, whose current address is ▓▓▓▓▓▓▓▓, Verbena, AL.

2. I have not participated in any other litigation concerning said minor child/children and am not aware of any other proceeding taking place anywhere or by anyone.

3. I know of no person not a party to the proceeding who has physical custody of said minor child/children or who claims to have custody or visitation rights with respect to the child/children.

4. I will inform the Court of any custody proceedings which might be filed in this or any other state should this information become available during the pendency of this proceeding.

DATED this the 2nd day of August, 2021.

_____
PETITIONER

**STATE OF ALABAMA**

**CHILTON COUNTY**

Personally appeared before me the undersigned authority in and for said County in said State, the above Petitioner, by and through its representative, who being by me first duly sworn, deposes and says that he/she has read the above and foregoing Custody Affidavit and that the matters and things set out therein are true and correct.

_____
**PETITIONER**

SWORN TO AND SUBSCRIBED before me this the 2nd day of August, 2021.

_____
**NOTARY PUBLIC**

MY COMMISSION EXPIRES: 5/28/24

| State of Alabama Unified Judicial System JU-6A Rev. 10/11 | JUVENILE COURT INTAKE OFFICER'S ENDORSEMENT ON A PETITION | Case Number JU-19-52.02 |

In The Juvenile Court of __Chilton__ County, Alabama.

In the Matter of __T____ P_____, a child.

I certify that I have been duly designated an Intake Officer of the Court according to Ala. Code 1975, § 12-15-102(11). Based on a verified complaint which was received __8/2/21__ at __10:00__ a.m., and as alleged, contained legally sufficient information to establish subject-matter jurisdiction, venue and probable cause, I have determined that the filing of the petition is in the best interest of the public and/or the child.

Date: __8/2/21__    Intake Officer's Signature: __Shannon Wright__

Ala. Code 1975, § 12-15-102(11); Rule 12; Ala.R.Juv.P.

DOCUMENT 2

ELECTRONICALLY FILED
8/3/2021 11:17 AM
14-JU-2019-000052.02
JUVENILE COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

IN RE: THE MATTER OF

T     P
A CHILD,
D/O/B:            2019

IN THE JUVENILE COURT OF

CHILTON COUNTY, ALABAMA

CASE NO. JU 2019- 52.02

## SHELTER CARE ORDER

This matter coming on to be heard on the 2nd day of August, 2021, for a Shelter Care Hearing, on the Petition for Custody, filed by the Chilton County Department of Human Resources, (DHR) and there being present, the child's Guardian ad Litem, Ms. Amanda Baxley, Esquire; the Chilton County Department of Human Resources (DHR), by and through its representative, Mr. Brad Payton, represented by its attorney, Ms. Elizabeth Hilyer, Esquire, standing in for Mr. Robert L. Bowers, Jr., Esquire; the father, Travis Capps, represented by his Guardian ad Litem, Mr. Josh Inman, Esquire; the custodian, Ms. Jessica Scott, and the mother, Ms. Claire Roberts, was not present. The Court having considered all the relevant and material evidence presented, and upon consideration of same, the Court finds as follows:

1. That the father was advised of his right to counsel.

2. That the father and custodian were advised that the child was alleged to be dependent, and both denied the allegations.

3. That the father and custodian stated that the child was not of Indian descent.

4. That in accordance with Public Law 96-272, as amended by Public Law 105-89, and Section 12-15-312, Code of Alabama, 1975, that continuing placement of the child in his/her home would be contrary to the welfare of the child because the mother and custodian are incarcerated on Willful Child Abuse charges and the father is not able to care for the child, at this time.

5. That the child has no parent, guardian, custodian, or other suitable person able or willing to provide for the child's supervision and welfare, at this time.

6. That reasonable efforts to prevent removal of the child from his/her home:

   ( ) were made.

   ( ) were not made

   (X) were not required because an emergency situation existed which required the immediate temporary removal of the child.

7. The Court finds for the purposes of the Shelter Care Hearing only, and due to the nature of the allegations in the Petition, that release of the child would present a serious threat of substantial harm to the child and the child has no parent, guardian, custodian or other suitable person able or willing to provide for the child's supervision and welfare, at this time.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED, as follows:**

1. A. (X) That there is no finding of dependency at this time, and the Court hereby reserves the issue of dependency, pending an Adjudicatory Hearing.

   B. ( ) That said child is found to be dependent, and in need of care and supervision, pursuant to Section 301 et. seq., Code of Alabama, 1975.

2. That the temporary custody of said child shall be transferred to Chilton County DHR, with the Department having discretion in planning and placement.

3. That visitation shall be pursuant to ISP.

4. That services provided by DHR shall be pursuant to ISP.

5. That the mother and father shall cooperate fully with DHR and any and all agencies providing services at the discretion of DHR.

6. That the mother and father shall inform DHR of any changes in address or telephone number within five (5) days of such change.

7. That the mother and father shall, within ten (10) days from the date of this Order, provide DHR with a written list of names, addresses, and telephone numbers of any and all relatives, of the child, who either may be willing or who are able to accept legal custody of the child.

8. That the parents, guardians, custodians and all other parties are hereby ordered not to use any illegal substances (drugs) at any time.

9. That entry of an Order of this Court vesting of a child's custody (including Shelter Care Custody) in DHR, shall authorize DHR to consent to or give permission for a child to travel within and outside the State of Alabama.

10. That the Department shall assume parental responsibility for said child's needs, to include food, shelter, clothing, education, and shall further be allowed to authorize any necessary medical, surgical, dental, or anesthesia services. With these responsibilities, the Department is hereby given authority to fulfill said duties pursuant to Section 12-15-102(16), Code of Alabama, 1975.

11. That all parties and counsel are hereby admonished and enjoined from discussing the facts and/or subject matter, either directly or indirectly, with any third party. This specifically includes, but is not limited to discussions of the facts or this case through direct contact with third parties or through Social media. Parties and counsel, the Guardian ad Litem excepted, shall not discuss this matter with the child. Nothing herein prohibits disclosing necessary information to medical providers, medical experts, counselors, evaluators, or investigators engaged to provide care, evaluations, or treatment for the child or parents.

12. That placement providers for the child, including foster placement, shall not, in any form or fashion, post pictures of the child on Social Media.

10. That this matter shall be set for Adjudicatory/Dispositional Hearing on the 15th day of December, 2021, at 9:00 a.m.

DONE AND ORDERED this the ___3rd___ day of August, 2021.

*Chris Spears*
JUVENILE JUDGE

DOCUMENT 4



GLENN McGRIFF
CLERK of CIRCUIT COURT
CHILTON COUNTY
P.O. BOX 1946
CLANTON, ALABAMA 35046-1946

3600682858 R501

To: ROBERTS CLAIRE
4530 COUNTY ROAD 24
CT 1

35046>1946

NIXIE    322 DE 1    0009/03/21

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 35046194546    *0225-01453-03-09

the sixteen (16) year old give her food and drink and it appeared that the child had not had food nor drink in a while.

4. That your Petitioner would aver that the child is dependent and in need of the protection of the State of Alabama in that there is no parent or relative available or willing to assume the care, custody and control of said minor child.

5. That reasonable efforts have not been made, and continuation in the home would be contrary to the welfare of the child, and removal from the home is in the best interest of the child, because of the deplorable living conditions of the child, and the physical condition of the child. The parents were taken to jail due to three (3) counts of Willful Abuse of a child. The child's sixteen (16) year old father was left at the home with his step grandmother, Ms. Angela Cleckler.

6. That there is no need for a Pick-Up Order at this time, because said child was placed in foster care.

**WHEREFORE, PREMISES CONSIDERED,** your Petitioner prays that your Honor will adjudicate said child dependent, and pursuant to Section 12-15-102, Code of Alabama, 1975, grant the temporary care, custody and control of said minor child to your Petitioner and that this Court will set this matter for Hearing, and further prays for such other, further and different relief to which they may be entitled.

BY: _____
PETITIONER
REPRESENTATIVE OF CHILTON
COUNTY DEPARTMENT OF
HUMAN RESOURCES

SWORN TO AND SUBSCRIBED before me, on this the 2nd day of August, 2021.

*Patricia Jay Jones*
**NOTARY PUBLIC**

BOWERS & BOWERS, ATTORNEYS

BY: *Robert L. Bowers Jr*

**ROBERT L. BOWERS, JR.**
**ATTORNEY FOR DHR**
**401 SECOND AVENUE NORTH**
**CLANTON, AL 35045**
PHONE: (205) 755-7428
FAX: (205) 280-0684
rbowersjr@bellsouth.net

DOCUMENT 1

IN RE:   THE MATTER OF:         IN THE JUVENILE COURT OF

M___ .P\                         CHILTON COUNTY, ALABAMA
A CHILD
D/O/B ___ '19                    CASE NO. 2021-_____

## CUSTODY AFFIDAVIT

COMES NOW the Petitioner, Chilton County Department of Human Resources pursuant to Section 30-3B-209, Code of Alabama, 1975, and files this Custody Affidavit and states as follows:

1. The present address of said child/children is: Jeremy and Robin Mims, foster parents, whose current address is ▮▮▮▮▮▮▮▮▮ Verbena, AL.

2. I have not participated in any other litigation concerning said minor child/children and am not aware of any other proceeding taking place anywhere or by anyone.

3. I know of no person not a party to the proceeding who has physical custody of said minor child/children or who claims to have custody or visitation rights with respect to the child/children.

4. I will inform the Court of any custody proceedings which might be filed in this or any other state should this information become available during the pendency of this proceeding.

DATED this the 2nd day of August, 2021.

_____
PETITIONER

DOCUMENT 1

STATE OF ALABAMA

CHILTON COUNTY

Personally appeared before me the undersigned authority in and for said County in said State, the above Petitioner, by and through its representative, who being by me first duly sworn, deposes and says that he/she has read the above and foregoing Custody Affidavit and that the matters and things set out therein are true and correct.

_____
PETITIONER

SWORN TO AND SUBSCRIBED before me this the 2nd day of August, 2021.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 5/28/24

| State of Alabama<br>Unified Judicial System<br>JU-6A    Rev. 10/11 | JUVENILE COURT INTAKE OFFICER'S<br>ENDORSEMENT ON A PETITION | Case Number<br>JU-19-52.02 |
|---|---|---|

In The Juvenile Court of ____Chilton____ County, Alabama.

In the Matter of __T____ P_____, a child.

I certify that I have been duly designated an Intake Officer of the Court according to Ala. Code 1975, § 12-15-102(11). Based on a verified complaint which was received __8/2/21__ at __10:00__ a.m., and as alleged, contained legally sufficient information to establish subject-matter jurisdiction, venue and probable cause, I have determined that the filing of the petition is in the best interest of the public and/or the child.

Date: __8/2/21__  Intake Officer's Signature: _Shannon Wright_

Ala. Code 1975, § 12-15-102(11); Rule 12, Ala.R.Juv.P.

IN RE:      THE MATTER OF                IN THE JUVENILE COURT OF

M      P                                 CHILTON COUNTY, ALABAMA
A CHILD
D/O/B      '19                           CASE NO. 20██-52.02

## PETITION FOR CUSTODY

COMES NOW your Petitioner, Chilton County Department of Human Resources, by and through their representative and would show unto Your Honor as follows:

1. That the Mother of said child is ~~Jessica Scott~~ Claire Roberts, whose last known address is ███ █████ Clanton, AL ████

2. That the Father of said child is T███ C███, whose address is ███ █████ Clanton, AL ████

3. That the toddler was in the care of her sixteen (16) year old father, T███ C███. Child was found naked with twenty-two (22) dirty diapers laying in the floor of her room, there was nothing else in the room but the toddler, her siblings and dirty diapers. The room was pad locked, and the officer estimated that it was about 100 degrees in the room, the only room in the home that was not air-conditioned. There were roaches in the room along with feces and urine everywhere, the window of the room had feces smeared on it. There were no toys in the room nor any beds for the child and siblings to sleep on. The parents (when they arrived home) said that everything was taken from the room because the child and siblings would throw everything at each other, the walls, and the windows. The officers put diapers on the toddler themselves and had the child's alleged father,

I, Glenn McGriff, Clerk of the Circuit Court of Chilton County, Alabama, do hereby certify that the within and foregoing is a true and correct copy, ███████ Poole ███ in Case No. 19-52.02 dated this ___ day of Sept., 2021

      the sixteen (16) year old give her food and drink and it appeared that the child had not had food nor drink in a while.

4. That your Petitioner would aver that the child is dependent and in need of the protection of the State of Alabama in that there is no parent or relative available or willing to assume the care, custody and control of said minor child.

5. That reasonable efforts have not been made, and continuation in the home would be contrary to the welfare of the child, and removal from the home is in the best interest of the child, because of the deplorable living conditions of the child, and the physical condition of the child. The parents were taken to jail due to three (3) counts of Willful Abuse of a child. The child's sixteen (16) year old father was left at the home with his step grandmother, Ms. Angela Cleckler.

6. That there is no need for a Pick-Up Order at this time, because said child was placed in foster care.

**WHEREFORE, PREMISES CONSIDERED,** your Petitioner prays that your Honor will adjudicate said child dependent, and pursuant to Section 12-15-102, Code of Alabama, 1975, grant the temporary care, custody and control of said minor child to your Petitioner and that this Court will set this matter for Hearing, and further prays for such other, further and different relief to which they may be entitled.

BY: _____
**PETITIONER
REPRESENTATIVE OF CHILTON
COUNTY DEPARTMENT OF
HUMAN RESOURCES**

SWORN TO AND SUBSCRIBED before me, on this the 2nd day of August, 2021.

_Patricia Jay Jones_
NOTARY PUBLIC

BOWERS & BOWERS, ATTORNEYS

BY: _Robert L Bowers Jr_

ROBERT L. BOWERS, JR.
ATTORNEY FOR DHR
401 SECOND AVENUE NORTH
CLANTON, AL 35045
PHONE: (205) 755-7428
FAX: (205) 280-0684
rbowersjr@bellsouth.net