IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSICA JAY SCOTT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-928-RAH |
| | ) | |
| CHILTON COUNTY | ) | |
| DEPARTMENT OF HUMAN | ) | |
| RESOURCES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Report and Recommendation (doc. 17) issued by the Magistrate Judge on March 2, 2026. In the Report, the Magistrate Judge recommended the Court dismiss the Complaint under the domestic relations exception to federal subject matter jurisdiction. Plaintiffs filed timely objections. (Doc. 18.) For the reasons set forth below, the Complaint is due to be dismissed without prejudice, albeit on different grounds than those recommended by the Magistrate Judge.

**BACKGROUND**

Plaintiffs Jessica Jay Scott and John Burton Eubanks, Jr. filed this action on November 21, 2025, against the Chilton County Department of Human Resources, Chilton County Sheriff's Department, Mallory Ratliff, Dayla Hamilton, Ali Patterson, Shane Mayfield, and Judge Christopher G. Speaks. (Doc. 1.) The suit arises out of ongoing termination of parental rights proceedings in state court. (*Id.*) Defendants removed Plaintiffs' children from their home after Plaintiffs were criminally charged with child abuse. (*Id.*) After a jury trial, Plaintiffs were acquitted

of all charges; however, Defendants refused to return the children to their custody and instead initiated termination proceedings. (*Id.* at 1.) Plaintiffs seek damages and injunctive relief, including an order "preventing termination of parental rights proceedings" and restoring their "custody rights" over their children. (*Id.* at 3.) The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.

On March 2, 2026, the Magistrate Judge recommended that this matter be dismissed in its entirety for lack of subject matter jurisdiction. The Magistrate Judge found that jurisdiction is lacking because the relief that Plaintiffs seek stems from ongoing child removal and termination of parental rights proceedings, and those are issues of state law, not federal law. (Doc. 17 at 2–3.) Plaintiffs filed timely objections. They argue that federal jurisdiction is proper because they seek only monetary and declaratory relief for past constitutional harms, not prospective injunctive relief. (Doc. 18 at 2.)

## STANDARD OF REVIEW

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Under 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

## DISCUSSION

The Magistrate Judge recommended that this action be dismissed because the domestic relations exception to federal subject matter jurisdiction foreclosed jurisdiction over Plaintiffs' claims. (Doc. 17 at 2–3.) For the reasons that follow, this

Court disagrees that the domestic relations exception applies across-the-board in this matter. Nevertheless, the Court will abstain from hearing this matter under *Younger* abstention.

## A.    Domestic Relations Exception

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2. As such, federal district courts "are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Congress provided that federal subject matter jurisdiction extends over matters "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and matters between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

As the Magistrate Judge correctly noted, the Supreme Court has recognized an exception to federal subject matter jurisdiction for domestic relations cases. Under the domestic relations exception, federal courts must generally abstain from deciding matters "involving the issuance of a divorce, alimony, or child custody decree" even if subject matter jurisdiction would otherwise be proper. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). Courts frequently apply this domestic relations exception to cases asserting diversity jurisdiction but have split on whether it applies to cases arising under federal question jurisdiction. *See Ingram v. Hayes*, 866 F.2d 368, 370–72 (11th Cir. 1988) (per curiam). The majority of circuit courts have held that the domestic relations exception does not apply to federal question cases. *See, e.g., Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019) ("That the Court in *Ankenbrandt* recognized a domestic relations exception to the diversity jurisdiction statute . . . has no bearing on whether such an exception applies in non-diversity cases."); *Atwood v. Fort Peck Tribal Ct. Assiniboine*, 513 F.3d 943, 945

(9th Cir. 2008) ("We hold that the 'domestic relations exception' . . . applies only to the diversity jurisdiction statute, 28 U.S.C. § 1332 . . . ."); *O'Bryant v. N.J. Div. of Child Prot. & Permanency*, 818 F. App'x 143, 145 (3d Cir. 2020) (per curiam) (same); *Reale v. Wake Cnty. Hum. Servs.*, 480 F. App'x 195, 197 (4th Cir. 2012) (per curiam) (same); *United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997) (same); *see also United Stated v. Crawford*, 115 F.3d 1397, 1401–02 (8th Cir. 1997) (noting that the Supreme Court has only applied the domestic relations exception in diversity cases). *But see Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003); *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) (per curiam).

Neither the Supreme Court nor the Eleventh Circuit have expressly decided whether the exception applies to federal question cases, but the Eleventh Circuit has noted that "the courts that liberally apply the domestic relations exception to federal question jurisdiction" have not done so in all cases, but only "when the federal court would necessarily become enmeshed in the domestic factual disputes." *Ingram*, 866 F.2d at at 372; *see also Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) ("[T]he domestic relations exception has been applied only to diversity jurisdiction or federal question jurisdiction which would require adjudication of domestic affairs.").

Here, the Court's subject matter jurisdiction is rooted in federal question jurisdiction because Plaintiffs assert claims pursuant to the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the Constitution. (Doc. 1 at 2.) *See* 28 U.S.C. § 1331. Given the lack of clear precedent by the Eleventh Circuit, this Court declines to extend the domestic relations exception to this matter arising under federal question jurisdiction. Accordingly, Plaintiffs' objections to the Magistrate Judge's Report are due to be

sustained to the extent they argue against application of the domestic relations exception in this matter.

## B.    *Younger* Abstention

Although the domestic relations exception does not apply in this matter, the Court nevertheless will abstain from hearing Plaintiffs' claims. In the Complaint, Plaintiffs request injunctive relief "preventing termination of parental rights proceedings" and restoring their custody rights over their minor children.[1] (Doc. 1 at 3.) Plaintiffs also seek damages related to alleged constitutional violations in the course of the ongoing proceedings. Because such relief would interfere with ongoing state civil enforcement proceedings,[2] *Younger* abstention is proper, and the Complaint is due to be dismissed without prejudice.

The Supreme Court has made clear that *Younger* abstention is limited to three "exceptional" categories: (1) "state criminal prosecutions[,]" (2) "civil enforcement proceedings[,]" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989)). At issue here is the exact type of civil enforcement for which *Younger* has been extended to cover,

---

[1] In their objections, Plaintiffs appear to attempt to amend the complaint and disclaim any request for injunctive relief related to the ongoing state proceedings. But when "a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). Therefore, the Court will only consider the relief requested in the operative complaint, which includes a request for injunctive relief.

[2] According to the notice filed by Plaintiffs, termination proceedings were scheduled for February 18, 2026. (Doc. 15.) For the purposes of this Order, the Court assumes that the proceedings in state court remain ongoing. Even if the proceedings have concluded, abstention from hearing Plaintiffs' claims for injunctive relief would be proper under *Rooker–Feldman*. *See, e.g.*, *Liedel v. Juv. Ct. of Madison Cnty.*, 891 F.2d 1542, 1544–46 (11th Cir. 1990) (holding that complaint must be dismissed under *Rooker–Feldman* where relief would "effectively nullify . . . state orders").

e.g., child protection and child custody proceedings. *See Moore v. Sims*, 442 U.S. 415, 419–20 (1979) (extending *Younger* to state-initiated proceeding to gain custody of children allegedly abused by their parents).

*Younger* abstention bars federal court intervention in "ongoing state judicial proceeding[s]" where "the proceedings implicate important state interests[] and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. Florida*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam). To determine whether the federal proceeding would interfere with the state one, courts "look to the relief requested and the effect it would have on the state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). The plaintiff bears the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims. *Butler v. Ala. Jud. Inquiry Comm'n*, 261 F.3d 1154, 1159 (11th Cir. 2001). A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

*Younger* abstention is proper in this case because the requested injunctive relief would interfere with important state interests and Plaintiffs have not demonstrated that they lack the ability to raise their arguments in the ongoing state proceedings. Courts have long recognized that states have important interests in child welfare and child protection. *See, e.g.*, *Santosky v. Kramer*, 455 U.S. 745, 766 (1982) (recognizing state's interest in "preserving and promoting the welfare of the child"); *Doe v. Kearney*, 329 F.3d 1286, 1293 (11th Cir. 2003) (recognizing that the state has a "profound interest in the welfare" of children (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 592 (2d Cir. 1999))). The injunctive relief sought would directly interfere with the state proceedings because Plaintiffs seek an order halting the proceedings and preventing the state court from terminating their parental rights. *See Bush*, 329 F.3d at 1276–79 (analyzing whether the requested relief sought to

control or prevent the occurrence of specific events that might take place in the ongoing state proceedings).

Moreover, Plaintiffs have not shown that they lack an adequate opportunity to raise their federal claims in state court. Plaintiffs argue that federal relief is warranted because Defendants plan to introduce inaccurate, inconsistent, and misleading evidence at the termination trial that is inconsistent with physical evidence and witness testimony. But they have not demonstrated that they cannot adequately raise these concerns in state court. Alabama law requires courts to consider the best interest of the children before granting a petition to terminate parental rights. Ala. Code § 12-15-319. Among the nonexclusive factors are whether a parent has abused or otherwise maltreated the children and whether a parent has been convicted of and imprisoned for a felony. *See* Ala. Code § 12-15-319(a)(3)–(4). Thus, Plaintiffs may present evidence of their acquittal of child abuse charges as well as any other evidence to dispute Defendants' evidence. Accordingly, Plaintiffs' claims for injunctive relief are due to be dismissed.

Moreover, Plaintiffs' claims for damages are also due to be dismissed. Although not yet decided by the Supreme Court, the Eleventh Circuit has indicated that *Younger* abstention extends to cases involving § 1983 claims for monetary damages where the ongoing state proceeding implicates an important state interest, the state proceeding will provide an adequate remedy for the federal claims, and the federal proceeding would interfere with the underlying state case. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985); *Prather v. Norman,* 901 F.2d 915, 919 (11th Cir. 1990) (citing *Deakins v. Monaghan,* 484 U.S. 193, 202 (1988) (reserving the issue as to whether *Younger* applies to § 1983 damages actions)) (requiring abstention pursuant to *Younger* where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings); *Stoddard v. Fla. Bd. of Bar Exam'rs*, 509 F. Supp. 2d 1117 (N.D. Fla. 2006), *aff'd*, 229 F. App'x

911 (11th Cir. 2007). Here, as discussed above, Plaintiffs have not demonstrated that the state court cannot address the alleged constitutional violations that form the basis of their damage claims. And any adjudication of the constitutional adequacy of the process provided to Plaintiffs in the ongoing termination proceedings would unduly interfere with the state court's resolution of the underlying matter. *See Jones v. Takaki*, No. 92 C 7076, 1993 WL 41420, at *3 (N.D. Ill. Feb. 18, 1993) ("Most significantly, given the doctrine of res judicata, the basic policy against federal interference with pending state criminal prosecutions generally will be frustrated as much by a damages award as it would be by either declaratory relief or an injunction.").

Accordingly, Plaintiffs' remaining claims for damages are due to be dismissed[3] without prejudice.[4] *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (affirming district court's dismissal of § 1983 damages claim on *Younger* abstention grounds); *Jones*, 1993 WL 41420, at *3 (dismissing § 1983 claim under

---

[3] Although the Supreme Court advised in *Quackenbush* that federal courts abstaining from deciding a § 1983 damages claim under *Younger* should ordinarily stay rather than dismiss the action, the Court declines to issue a stay because Plaintiffs seek primarily equitable relief and their claims arise under federal question jurisdiction, not diversity jurisdiction as was the case in *Quackenbush*. *See Ford v. Tait*, 163 F. Supp. 2d 57, 67 (D.D.C. 2001) (dismissing § 1983 damages claim under *Younger* because claim arose under federal question jurisdiction and plaintiff primarily sought equitable relief); *Stein v. Legal Advert. Comm. of Discipline Bd.*, 272 F. Supp. 2d 1260, 1275 (D.N.M. 2003) (same); *Discovery House, Inc. v. Consol. City of Indianapolis*, 970 F. Supp. 655, 660–61 (S.D. Ind. 1997) (same); *see also Wideman v. Colorado*, 242 F. App'x 611, (10th Cir. 2007) (upholding dismissal of § 1983 damages claims over state child custody proceedings).

[4] Since dismissal is without prejudice, Plaintiffs may refile their damage claims once the termination proceedings have concluded. The Court also notes that dismissal of this action for claimed damages arising out of an ongoing legal proceeding is appropriate on ripeness grounds because the state proceedings have not yet concluded. *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (holding that "no procedural due process right has been violated unless and until the state fails to remedy" the alleged inadequacy in the process provided); *Stubbs v. City of Ctr. Point*, 988 F. Supp. 2d 1270, 1280 (N.D. Ala. 2013) (dismissing § 1983 procedural due process claim on ripeness grounds due to ongoing state proceedings).

*Younger* abstention with leave to reinstate upon conclusion of the underlying state criminal proceeding).

**C.    Shotgun Complaint**

Although not addressed by the Magistrate Judge, the Complaint is also due to be dismissed because it is a classic shotgun pleading. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four characteristics of classic shotgun pleadings. These are pleadings that:

> (1) contain multiple counts where each adopts the allegations of all preceding counts; (2) are filled with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim into separate counts; or (4) assert multiple claims against multiple defendants but do not specify which defendant is responsible for which acts or omissions.

*Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (cleaned up).

Here, the Complaint exhibits at least two characteristics of shotgun pleadings. First, each count contains conclusory assertions without stating the factual basis for the alleged constitutional violation. For example, the entirety of Count II summarily states that "Defendants deprived Plaintiffs of constitutionally required notice, fair hearings, accurate evidence, and opportunities for reunification." (Doc. 1 at 2.) Count III states that "Defendants interfered with Plaintiffs' fundamental right to family integrity without compelling justification." (*Id.*) Rule 8(a) requires more than these broad and conclusory statements unconnected to any concrete facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))).

9

Second, the Complaint does not specify which of the Defendants are responsible for which actions—it broadly alleges that all of the "Defendants" undertook identical acts or omissions. This, too, is insufficient to provide Defendants with notice of the factual basis for the claims against them. *See, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (holding that complaint was a shotgun pleading where it incorporated by reference all factual allegations into each claim and "ma[de] it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations g[ave] rise to which claims for relief").

Therefore, the Complaint is also due to dismissed as a shotgun complaint. Although courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiffs will not be given leave to amend because any proposed amended complaint would also be subject to dismissal under *Younger* for the reasons discussed above.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)   Plaintiffs' Objections (doc. 18) to the Magistrate Judge's Report and Recommendation (doc. 17) are **SUSTAINED** in part, and **OVERRULED** in part;

(2)   The Magistrate Judge's Report and Recommendation (doc. 17) is **ADOPTED** in part and **REJECTED** in part; and

(3)   The Complaint (doc. 1) is **DISMISSED without prejudice**; and

(4)   The Clerk of Court is directed to close this matter.

**DONE** and **ORDERED** on this the 31st day of March 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE